# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER EMMETT CLINE,**

    **Petitioner,**

**v.**                                             **CIVIL ACTION NO. 1:06CV123**

**WILLIAM M. FOX,**
**Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 17, 2006, pro se petitioner, Roger Emmett Cline, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an Application to proceed in forma pauperis. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On August 31, 2006, Magistrate Judge Seibert issued a Report and Recommendation recommending that the Application to Proceed in forma pauperis be **DENIED** as **MOOT**. The Magistrate Judge determined that, because Cline paid the $5.00 filing fee on August 29, 2006, the Application was now moot. The Court agrees.

The Magistrate Judge directed the parties to file any objection to the report and recommendation within ten (10) days from the date of the report and recommendation and further specifically warned that failure to object to the report and

recommendation would result in the waiver of appellate rights on this issue. The parties did not file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** that the Application to Proceed <u>in forma pauperis</u> (Docket No. 2) is **DENIED AS MOOT**.

The Clerk is directed to mail a copy of this Order to the petitioner, certified mail, return receipt requested and to transmit a copy of this order to counsel of record.

Dated: December 14, 2006.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE

---

[1] Petitioners' failure to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. <u>See Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).