**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROGER EMMETT CLINE,**

        **Petitioner,**

  **v.**                          **CIVIL ACTION NO. 1:06cv123**
                                          **(Judge Keeley)**

**WILLIAM M. FOX, Warden,**

        **Respondent.**

**CORRECTED REPORT AND RECOMMENDATION[1]**
**28 U.S.C. § 2254**

## I.  INTRODUCTION

On August 17, 2006, *pro se* petitioner, Roger Cline [hereinafter referred to as "Cline"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. On August 29, 2007, he paid the $5.00 filing fee.  On December 22, 2006, the respondent was ordered to file an answer to the petition.  On March 19, 2007, the respondent filed his Response to the petition and also a Motion to Dismiss the petition as untimely and successive.  On March 20, 2007, a Roseboro Notice was issued, and on April 25, 2007, the petitioner filed a response in opposition to the motion to dismiss.

## II.  FACTS

### A.  STATE PROCEEDINGS

On February 14, 1992, Cline was convicted in the Circuit Court of Greenbrier County of first degree murder.  He was sentenced to life with mercy.  He appealed his conviction and

---

[1]The only change made to this Report and Recommendation was to correct the name of the District Judge to whom objections should be filed.

sentence to the West Virginia Supreme Court of Appeals. His petition for appeal was refused on October 7, 1992. On January 12, 1995, Cline filed a petition for habeas corpus in the circuit court of Greenbrier County. The petition was denied on July 1, 1999. Cline filed a petition for appeal which was refused on March 8, 2000. Cline took no further action until December 16, 2002, when he filed a second habeas petition in the Circuit Court of Greenbrier County, which is still pending.

## C. **Federal Habeas Corpus**

On December 4, 2003, Cline filed a petition pursuant to 42 U.S.C. § 2254, which was assigned case Case No. 1:03cv268. The Court dismissed the petition as untimely by order entered May 23, 2005.

The petitioner filed his instant petition on August 17, 2006. As his ground for relief, the petitioner asserts that "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, could be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense."

## III. ANALYSIS

Cline's August 17, 2006, petition is the second petition he has filed regarding his underlying petition. Pursuant to 28 U.S.C. §2244(b)(3) prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application.[2] In order for a petition to be considered successive, the first petition must

_____

[2]28 U.S.C. § 2244 states in pertinent part:

**(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior

have been dismissed on the merits.  <u>Harvey v. Horan</u>, 278 F.3d 370 (4th Cir. 2002).

Although the petitioner's first § 2254 petition was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit.  <u>See</u> <u>Shoup v. Bell & Howell Co.</u>, 872 F.2d 1178 (4th Cir. 1989); <u>see also</u>  <u>United States v. Casas</u>, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); <u>see also</u> <u>United States v. Flanory</u>, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002).

Because Cline has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive §2254 motion in this Court, this Court is without authority to hear his successive motion.

## IV.  RECOMMENDATION

For the reasons stated above, he undersigned recommends  that the Court enter an Order **DENYING** with prejudice the petition of Roger Cline and dismissing the case from the docket because his petition is a successive petition and he has not received authorization from the Fourth

---

application shall be dismissed.
**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Circuit Court of Appeals to file a successive §2254 petition. Further, it is recommended that the respondent's Motion to Dismiss (Doc. 18) be **GRANTED**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested. The clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

Dated: August 29, 2007

      /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE